THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Russell O.
 Johnson, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Orangeburg County
 Diane Schafer Goodstein, Post-Conviction Relief Judge

Memorandum Opinion No.  2008-MO-017
Submitted March 19, 2008  Filed March 24,
 2008  
REVERSED

 
 
 
 Deputy
 Chief Appellate Defender Wanda H. Carter, of South Carolina Commission on
 Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.
 Attorney
 General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney
 General S. Prentiss Counts, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner pled guilty to armed robbery
 and first-degree
 burglary and was sentenced to concurrent terms of eighteen years
 imprisonment.  No direct appeal was taken.  
Petitioner filed an application for
 post-conviction relief (PCR) alleging he was
 not advised of his right to a direct appeal.  At the PCR hearing, no testimony
 was presented on this issue, and the State consented to allowing petitioner to
 have a belated appeal.  The PCR judge granted petitioner a belated review of
 his direct appeal issues, finding the uncontroverted evidence showed petitioner
 was not advised of his right to appeal.  Petitioner now seeks a writ of
 certiorari to review the PCR judges order and has filed a brief addressing his
 direct appeal issues pursuant to White v. State, 263 S.C. 110, 208
 S.E.2d 35 (1974).
[A]bsent
 extraordinary circumstances, there is no constitutional requirement that a
 defendant be informed of a right to a direct appeal from a guilty plea.  Weathers
 v. State, 319 S.C. 59, 459 S.E.2d 838 (1995).  Counsel has a duty to advise
 a defendant about an appeal when there is reason to think either: (1) a
 rational defendant would want to appeal; or (2) this particular defendant
 reasonably demonstrated that he was interested in appealing.  Roe v.
 Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).  In
 determining whether a rational defendant would have desired an appeal, the
 court must consider such factors as whether the defendant received the sentence
 bargained for as a part of the plea and whether the plea expressly reserved or
 waived some or all appeal rights.  Flores-Ortega, supra.  
 
We
 find petitioner failed to show he was entitled to be advised of his right to a
 direct appeal.  Caprood v. State, 338 S.C. 103, 525 S.E.2d 514 (2000).  No
 objections were made at petitioners guilty plea hearing, petitioner received the
 recommended sentence, and there was no evidence presented at the PCR hearing
 that petitioner inquired about an appeal.  Flores-Ortega, supra; Weathers, supra.  Accordingly, the PCR judges order granting petitioner a belated
 appeal is 
REVERSED.
TOAL,
 C.J., WALLER, PLEICONES and BEATTY, JJ., concur.  MOORE, J., not participating.